[No. B260824. Second Dist., Div. One. Oct. 28, 2016.]

THE PEOPLE, Plaintiff and Respondent, v.
CHADWICK VERNON LEARNARD, Defendant and Appellant.

THE SUPREME COURT OF CALIFORNIA GRANTED REVIEW IN THIS MATTER (see Cal. Rules of Court, rules 8.1105(e)(1)(B), 8.1115(e)) February 22, 2017, S238797.

**COUNSEL**

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LUI, J.**—Chadwick Vernon Learnard appeals from the judgment entered following a jury trial in which he was convicted of one count of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1); count 1) and one count of simple battery[2] (§ 242; count 5). The trial court found that appellant had suffered two prior qualifying convictions under the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), two prior serious felony convictions (§ 667, subd. (a)), and two prior prison terms (§ 667.5, subd. (b)). The court sentenced appellant to an aggregate term of 35 years to life in state prison.[3]

We reverse the trial court's determination that appellant's 2002 conviction for aggravated assault constituted a serious felony conviction and hence a

---

[1] Undesignated statutory references are to the Penal Code.

[2] The jury was unable to reach a verdict on count 2, assault by means likely to produce great bodily injury. (§ 245, subd. (a)(4).) The court found the jury was deadlocked and declared a mistrial as to that count.

[3] The sentence consisted of an indeterminate term of 25 years to life on count 1, plus two 5-year enhancements for the two prior serious felony convictions. (§ 667, subds. (a), (e)(2).) On count 5, the court sentenced appellant to 180 days in county jail with credit for time served.

strike based on the court's reliance on judicial factfinding beyond the elements of the prior conviction itself. Given that none of the documents in the record of the prior conviction distinguished between assault with a deadly weapon and assault by means likely to produce great bodily injury, the trial court's determination that the prior conviction constituted a serious felony is unsupported by substantial evidence. Accordingly, we remand the matter for resentencing. In all other respects, we affirm.

## FACTUAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.  *Admission of evidence of appellant's postarrest conduct and demeanor**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.  *The prior serious felony determination*

Appellant contends substantial evidence does not support the trial court's conclusion that his 2002 conviction for aggravated assault constituted a serious felony and qualified as a prior strike conviction under the Three Strikes law. We agree.

*Relevant background*

The information alleged two prior convictions under the Three Strikes law: (1) a 2002 conviction for aggravated assault following a guilty plea (§ 245, subd. (a)(1)) and (2) a 2012 conviction for criminal threats (§ 422). Appellant waived his right to a jury trial and admitted he had suffered the two prior felony convictions, while contending the assault conviction did not constitute a serious or violent felony, and thus did not qualify as a strike. The trial court reviewed what it described as the "record of conviction" in the assault case, which included the abstract of judgment, the information, the transcript from the preliminary hearing, and the probation department's preconviction report. The trial court did not have before it the transcript from appellant's plea colloquy in the case.

The notation in the abstract of judgment described the offense as a violation of section 245, subdivision (a)(1), "Assault w deadly wpn/GBI."

*See footnote, *ante*, page 1117.

The information charged: "On or about February 9, 2002, . . . the crime of *assault with deadly weapon, by means likely to produce GBI*, in violation of Penal Code section 245(a)(1), a Felony, was committed by [appellant], who did willfully and unlawfully commit an assault . . . with a *deadly weapon, to wit, [a] baseball bat, and by means of force likely to produce great bodily injury.*" (Italics added.)

Defense counsel argued that because the information and the abstract referred to the offense as both an assault with a deadly weapon and an assault with force likely to produce great bodily injury, it was impossible to determine whether appellant had admitted an assault with a deadly weapon when he entered his plea. Counsel further maintained that the testimony adduced at the preliminary hearing had no bearing on what facts, if any, appellant admitted as part of his guilty plea. Based on appellant's record of conviction, counsel argued it was not possible to find beyond a reasonable doubt that appellant admitted use of a deadly weapon at the time of his plea.

The trial court determined the prior assault conviction qualified as a strike. The court recognized that the reference in the abstract of judgment to both a deadly weapon and great bodily injury created some ambiguity, but noted that the information "set[] out clearly that a baseball bat was used in the assault under 245(a)(1)." The court further declared that both the preliminary hearing transcript and the preconviction report showed that appellant had used a deadly weapon.

*Penal Code former section 245, subdivision (a)(1)*

When appellant pleaded guilty to aggravated assault in 2002, section 245, subdivision (a)(1) provided in relevant part: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished . . . ." Former section 245, subdivision (a)(1) thus described alternative means of committing the same offense, aggravated assault, within the same subdivision, and a jury could convict without regard to whether the crime was committed by means of a deadly weapon or by force likely to produce great bodily injury.[7] (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1037 [68 Cal.Rptr.2d 655, 945 P.2d 1204] [violation of § 245, subd. (a)(1) required proof of two elements: " 'One, a person was assaulted, and two, the assault was committed by the use of a deadly weapon or instrument or by means of force likely to produce great bodily injury' "]; *People v. Martinez* (2005) 125

---

[7] In 2012, the Legislature amended section 245 by deleting the phrase "or by any means of force likely to produce great bodily injury" from subdivision (a)(1) and placing it in newly enacted subdivision (a)(4) (Stats. 2011, ch. 183, § 1), thereby separating the two ways in which an aggravated assault could occur.

Cal.App.4th 1035, 1043 [23 Cal.Rptr.3d 508]; *In re Mosley* (1970) 1 Cal.3d 913, 919, fn. 5 [83 Cal.Rptr. 809, 464 P.2d 473] [§ 245 "define[d] only one offense, to wit, 'assault upon the person of another with a deadly weapon or instrument *or* by any means of force likely to produce great bodily injury' " (italics added)].)

■ Although use of a deadly weapon and great bodily injury were interchangeable for purposes of conviction under former section 245, subdivision (a)(1), under the Three Strikes law only assault with a deadly weapon constitutes a serious felony. (§§ 1192.7, subd. (c)(31), 667, subd. (d)(1), 1170.12, subd. (b)(1); *People v. Delgado* (2008) 43 Cal.4th 1059, 1065 [77 Cal.Rptr.3d 259, 183 P.3d 1226] (*Delgado*).) Accordingly, the mere fact of a conviction for aggravated assault under former section 245, subdivision (a)(1) would be insufficient to establish the prior conviction was a strike in any case in which the verdict or plea did not specify the precise means used to commit the offense.

> *Substantial evidence does not support the trial court's finding that the prior conviction was a serious felony*

■ The prosecution is required to prove each element of an alleged sentence enhancement beyond a reasonable doubt. (*Delgado, supra*, 43 Cal.4th at p. 1065; *People v. Miles* (2008) 43 Cal.4th 1074, 1082 [77 Cal.Rptr.3d 270, 183 P.3d 1236].) Where, as here, the mere fact that a defendant was convicted under a particular statute does not establish the serious felony allegation, our Supreme Court has held that the sentencing court may examine "the record of the prior criminal proceeding to determine the nature or basis of the crime of which the defendant was convicted." (*People v. McGee* (2006) 38 Cal.4th 682, 691 [42 Cal.Rptr.3d 899, 133 P.3d 1054] (*McGee*); see *People v. Trujillo* (2006) 40 Cal.4th 165, 179 [51 Cal.Rptr.3d 718, 146 P.3d 1259]; *Delgado*, at p. 1065.)

■ A plea of no contest admits the elements of the crime, but does not constitute an admission of any aggravating circumstances. (*People v. French* (2008) 43 Cal.4th 36, 49 [73 Cal.Rptr.3d 605, 178 P.3d 1100].) "[I]f the prior conviction was for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense. [Citations.] In such a case, if the statute under which the prior conviction occurred could be violated in a way that does not qualify for the alleged enhancement, the evidence is thus insufficient, and the People have failed in their burden." (*Delgado, supra*, 43 Cal.4th at p. 1066.)

We review the record in the light most favorable to the judgment to determine whether it is supported by substantial evidence. (*Delgado, supra*, 43

Cal.4th at p. 1067.) "In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt." (*People v. Miles, supra,* 43 Cal.4th at p. 1083; see *People v. Ledbetter* (2014) 222 Cal.App.4th 896, 900 [166 Cal.Rptr.3d 448].)

■ The trial court was permitted to draw reasonable inferences from the records offered to prove appellant suffered a prior serious felony conviction. (*Delgado, supra,* 43 Cal.4th at p. 1066; *People v. Henley* (1999) 72 Cal.App.4th 555, 561 [85 Cal.Rptr.2d 123].) But the court here went beyond reasonable inference when it actually weighed the evidence contained in those documents in order to make its own factual determination about the nature of the offense. In reaching its conclusion that the reference to a deadly weapon (a baseball bat) established the crime as a serious felony, the court simply disregarded references in both the information and the abstract of judgment to assault by means of force likely to produce great bodily injury. The court did the same with respect to the conduct described at the preliminary hearing. There, the victim testified that appellant hit the victim's left shoulder as he struck the victim's car with a baseball bat. But the victim also testified that appellant grabbed him with both hands and tried "to tear [him] out of the car." In concluding that the conduct described constituted an assault with a deadly weapon and thus a serious felony, the court again simply ignored evidence that established an assault with force likely to produce great bodily injury.

■ Because the evidence presented by the prosecution established appellant's prior conviction could have rested on use of a deadly weapon *or* force likely to produce great bodily injury, it was insufficient to prove appellant guilty of a prior serious felony conviction beyond a reasonable doubt.[8] Without further evidence of the underlying circumstances, it must be presumed that appellant's conviction under former section 245, subdivision (a)(1) was for the least serious form of the offense, that is, assault by means of force likely to produce great bodily injury. (*Delgado, supra,* 43 Cal.4th at p. 1066.)

---

[8] The preconviction report also fails to provide substantial evidence that the prior conviction involved use of a deadly weapon. Citing the police report as its source, the preconviction report sets forth only appellant's assault on the victim with a baseball bat. But there is no way to determine whether the police report itself recounted other conduct that was simply omitted from the preconviction report. And there is no indication that the facts recounted in the preconviction report formed the factual basis for appellant's plea. In the absence of any evidence that appellant stipulated to or even acknowledged the facts as set forth in the preconviction report in entering his plea, this document has no relevance in determining the nature or basis of the crime of which appellant was actually *convicted.* (See, e.g., *McGee, supra,* 38 Cal.4th at p. 706 [purpose of examination of record of earlier criminal proceeding is "to ascertain whether that record reveals whether the conviction realistically may have been based on conduct that would not constitute a serious felony"]; *People v. Denard* (2015) 242 Cal.App.4th 1012, 1028, 1029 [195 Cal.Rptr.3d 676].)

The trial court's finding that appellant's prior conviction for aggravated assault constituted a serious felony lacked substantial evidentiary support. We therefore conclude the court erred in imposing sentence enhancements under section 667, subdivision (a) and the Three Strikes law.[9] In light of our decision on substantial evidence grounds, we need not address appellant's constitutional challenge to the sentence.

## DISPOSITION

The trial court's determination that the 2002 conviction for assault with a deadly weapon or by means likely to produce great bodily injury constituted a prior serious felony conviction and a strike is reversed. The cause is remanded for resentencing. In all other respects the judgment is affirmed.

Chaney, Acting P. J., and Johnson, J., concurred.

A petition for a rehearing was denied November 16, 2016, and appellant's petition for review by the Supreme Court was granted February 22, 2017, S238797.

---

[9] Although "the double jeopardy clause does not bar retrial of a prior conviction allegation after an appellate finding of evidentiary insufficiency" (*People v. Seel* (2004) 34 Cal.4th 535, 541 [21 Cal.Rptr.3d 179, 100 P.3d 870]; see *Monge v. California* (1998) 524 U.S. 721, 734 [141 L.Ed.2d 615, 118 S.Ct. 2246]), retrial of the prior conviction allegation in this case is not warranted. In considering whether a prior conviction is serious, the court's inquiry is limited to "a legal determination of the nature of defendant's *prior convictions* as established by the record of the prior criminal proceedings." (*McGee, supra,* 38 Cal.4th at p. 702.) Accordingly, " 'the trier of fact may look to the entire record of the conviction' but *'no further.'* " (*People v. Kelii* (1999) 21 Cal.4th 452, 456 [87 Cal.Rptr.2d 674, 981 P.2d 518].) The prosecution may not call witnesses to testify about the facts of the prior offense, nor may the trial court consider evidence outside of the record of conviction to make findings about the defendant's earlier conduct. (*McGee,* at pp. 694, 706.) Here, after presenting all available documents from the record of conviction the prosecution failed to carry its burden of proving beyond a reasonable doubt that appellant's prior conviction should qualify as a strike. There is no reason to conclude that another trial on the issue would produce a different result. (Cf. *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1133 [125 Cal.Rptr.3d 810] [insufficient evidence to support strike finding does not preclude retrial of strike allegation; "prosecution may present additional evidence that is included within 'the entire record of the conviction' to establish that the [prior] conviction constituted a strike"].)