Filed 11/19/20  P. v. Welch CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B300338 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A799639-01) |
| v. | |
| ANTHONY LEVELL WELCH, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Michael Garcia, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Charles S. Lee and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Anthony Levell Welch, who pleaded no contest to second degree murder in 1988, appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.95.[1]  Without appointing counsel or holding an evidentiary hearing, the superior court found Welch had failed to make a prima facie showing of eligibility for relief.  On appeal Welch argues the court violated his statutory and constitutional rights by summarily denying his petition without appointing counsel and erred in finding he did not state a prima facie showing of eligibility for relief.  In *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted March 18, 2020, S260493 (*Verdugo*), we rejected Welch's argument regarding the procedures the superior court must follow once a section 1170.95 petition has been filed.[2]  We likewise reject Welch's argument his constitutional right to counsel was violated.  As for the finding Welch did not state a prima facie case of eligibility for relief, we are troubled by the superior court's failure to articulate the reasons for its ruling and the lack of a record; however, because any error is harmless in this case, we affirm.

---

[1]	Statutory references are to this code.

[2]	The Supreme Court in *Verdugo* ordered briefing deferred pending its disposition of *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598, in which briefing and argument are limited to the following issues:  "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?"

## PROCEDURAL BACKGROUND

In his petition for resentencing, filed March 7, 2019 on a downloadable form (see *Verdugo, supra,* 44 Cal.App.5th at p. 324 & fn. 2), Welch declared by checking boxes that he had pleaded guilty or no contest to first or second degree murder because he believed he could have been convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of murder because of amendments to sections 188 and 189, effective January 1, 2019. In a section of the form petition applicable only to petitioners who had been convicted under the felony-murder rule, Welch checked boxes stating he was not the actual killer; he did not with the intent to kill aid or abet the actual killer; and he was not a major participant in the felony or did not act with reckless indifference to human life. Welch also checked the box stating he was convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony-murder rule and he could not now be convicted of murder because of changes to sections 188 and 189. Welch requested the court appoint him counsel during the resentencing process.

The superior court denied Welch's petition for resentencing on July 5, 2019 outside the presence of Welch (for whom counsel had not been appointed), the prosecutor or a court reporter.[3] The minute order for the court's order states, "The court has read and

---

[3] Section 1170.95, subdivision (b)(1), specifies the petition is to be considered by the judge that originally sentenced the petitioner, but, if that judge is not available, "the presiding judge shall designate another judge to rule on the petition." Judge Robert T. Altman, who sentenced Welch in 1988, retired from the superior court in 2000.

considered the petition for resentencing pursuant to Penal Code section 1170.95(A). [¶] Based on the evidence of the case, the court finds the petitioner was the shooter in the murder conviction; therefore, the petition is denied."

## DISCUSSION

1. *Senate Bill No. 1437 and the Right To Petition To Vacate Certain Prior Convictions for Murder*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder through amendments to sections 188 and 189. New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

New section 189, subdivision (e), in turn, provides with respect to a participant in the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), in which a death occurs—that is, as to those crimes that provide the basis for the charge of first degree felony murder—that the individual is liable for murder "only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless

4

indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also permits, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.[4] After receiving a facially sufficient petition (see § 1170.95, subd. (b)), section 1170.95, subdivision (c), requires the sentencing court to review the petition; determine if it makes a prima facie showing the petitioner falls within the provisions of section 1170.95; and, if the petitioner has requested counsel, to appoint counsel to represent the petitioner. After counsel has been appointed, the prosecutor is to file and serve a

---

[4]    Section 1170.95, subdivision (a), states: "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

response to the petition; and the petitioner may file a reply. If at this point the court finds the petitioner has made a prima facie showing he or she is entitled to relief, the court must issue an order to show cause (§ 1170.95, subd. (c)) and conduct a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts (§ 1170.95, subd. (d)(1)).[5]

> 2. *Welch Was Not Entitled to Appointment of Counsel Prior to the Court's Preliminary Determination Whether He Had Made a Prima Facie Showing of Eligibility for Relief*

> a. *Welch's statutory argument lacks merit*

In his opening brief, filed before our decision in *Verdugo,* Welch contends, because he checked boxes on a preprinted form declaring his conviction was based on a now improper theory, he was entitled to counsel and an evidentiary hearing before the court determined he did not fall within the provisions of section 1170.95. We rejected that argument in *Verdugo*, *supra*, 44 Cal.App.5th 320.

*Verdugo* held, after determining the petition is facially sufficient, the superior court may examine the readily available portions of the record of conviction to determine whether the petitioner has made a prima facie showing that he or she could not be convicted of first or second degree murder following the

---

[5] Once an evidentiary hearing has been ordered, the People may present new and additional evidence to demonstrate the petitioner is not entitled to resentencing. The petitioner also may present new or additional evidence in support of the resentencing request. (§ 1170.95, subd. (d)(3).)

changes made to sections 188 and 189 and thus is eligible for relief under section 1170.95. (*Verdugo, supra,* 44 Cal.App.5th at pp. 329-330, 332.) If the petitioner's ineligibility for resentencing can be established at this stage as a matter of law by the petition itself and the record of conviction, the petition may be summarily denied without the appointment of counsel. (*Id.* at pp. 330, 332-333; see also *People v. Perez* (2020) 54 Cal.App.5th 896; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted Nov. 10, 2020, S264684.) Accordingly, Welch was not entitled to appointment of counsel prior to the court's initial determination of his eligibility for relief.

b. *Welch's constitutional argument lacks merit*

Asserting the determination whether a petitioner has made a prima facie showing he or she falls within the provisions of section 1170.95 is a "critical stage" of a criminal proceeding, Welch contends the superior court's summary denial of his petition violated his constitutional right to the assistance of counsel. (See generally *Marshall v. Rodgers* (2013) 569 U.S. 58, 62 ["[i]t is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process'"]; *People v. Doolin* (2009) 45 Cal.4th 390, 453 [sentencing is a critical stage in the criminal process within the meaning of the Sixth Amendment].)

However, as the Supreme Court explained in *People v. Shipman* (1965) 62 Cal.2d 226, 232, "Unless we make the filing of adequately detailed factual allegations stating a prima facie case a condition to appointing counsel, there would be no alternative

7

but to require the state to appoint counsel for every prisoner who asserts that there may be some possible ground for challenging his conviction.  Neither the United States Constitution nor the California Constitution compels that alternative."  Accordingly, generally in postconviction proceedings, "in the absence of adequate factual allegations stating a prima facie case, counsel need not be appointed" to represent a petitioner in the trial court. (*Ibid*.; accord, *In re Clark* (1993) 5 Cal.4th 750, 780 ["the appointment of counsel is demanded by due process concerns" if a postconviction "petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause"]; see *People v. Rouse* (2016) 245 Cal.App.4th 292, 298 (*Rouse*) ["The United States Supreme Court has declined to extend the Sixth Amendment right to counsel to postconviction proceedings.  [Citation.]  Federal courts have consistently ruled that an incarcerated defendant has no constitutional right to counsel with respect to statutory postconviction motions seeking a reduction in sentence"]; see also Cal. Rules of Court, rule 4.551(c)(1), (2) [following the filing of a petition for writ of habeas corpus, the superior court must issue an order to show cause if the petitioner has made a prima facie showing that he or she is entitled to relief; "[o]n issuing an order to show cause, the court must appoint counsel for any unrepresented petitioner who desires but cannot afford counsel"].)

Welch's reliance on *Rouse*, *supra*, 245 Cal.App.4th 292, a case involving a petition for resentencing under section 1170.18, subdivision (a) (Proposition 47), is misplaced.  In *Rouse* our colleagues in Division Eight of this court distinguished published decisions that had concluded there was no right to counsel at the initial eligibility stage of a petition under section 1170.18 (*Rouse*,

at p. 299) and held, once the superior court had determined the Proposition 47 petition was meritorious and the petitioner was entitled to be resentenced, the resentencing hearing "is akin to a plenary sentencing hearing" and properly characterized as a "critical stage" in the criminal process to which the right to counsel attaches. (*Rouse*, at pp. 299-300.)

*People v. Fryhaat* (2019) 35 Cal.App.5th 969, also relied upon by Welch, is similar to *Rouse* and likewise provides no support for his argument he had a constitutional right to appointment of counsel simply upon the filing of a section 1170.95 petition with the proper boxes checked. *Fryhaat* involved section 1473.7, subdivision (a)(1), which permits an individual no longer in custody to move to vacate his or her conviction or sentence based on a lack of understanding of the immigration consequences of a guilty plea. After construing the statutory language to require a hearing and, arguably, appointment of counsel for an indigent moving party, in order to avoid a constitutional question the court of appeal held, "In light of the fact writs of habeas corpus and writs of *coram nobis*, and likely section 1016.5 motions to vacate, require court-appointed counsel for an indigent petitioner or moving party who has established a prima facie case for entitlement to relief, and given a section 1473.7 motion was intended to fill the gap left by the foregoing procedural avenues for relief, interpreting section 1473.7 to also provide for court-appointed counsel where an indigent moving party has adequately set forth factual allegations stating a prima facie case for entitlement to relief would best effectuate the legislative intent in enacting section 1473.7." (*Fryhaat*, at p. 983, fn. omitted.)

The scheme embraced as a matter of due process in *Rouse* and adopted to avoid a constitutional issue in *Fryhaat* is precisely the model created by section 1170.95. At the initial eligibility stage, there is no right to appointed counsel. However, once the court concludes it cannot determine the petitioner's ineligibility for relief as a matter of law, counsel must be appointed for those petitioners who have requested it. (§ 1170.95, subd. (c).) Thus, Welch was not entitled to appointment of counsel as a matter of constitutional right prior to a finding whether he was ineligible for relief.

3. *The Superior Court Correctly Concluded Welch Is Ineligible as a Matter of Law for Any Relief Under Section 1170.95*

As we explained in *Verdugo,* the superior court's role in conducting the first prima facie review of the petition "is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Verdugo, supra,* 44 Cal.App.5th at p. 329.) In undertaking this review, the court should examine documents in the court file or that are otherwise part of the record of conviction that are readily ascertainable, which may include the complaint, information or indictment, verdict form or factual basis documentation for a negotiated plea, admissions as part of a guilty plea, jury instructions, the abstract of judgment and the court of appeal opinion, whether or not published. (*Id.* at pp. 329-330 & fn. 9, 333.)

Because the superior court is not authorized to make factual findings during the first prima facie review, its decision is a purely legal conclusion that we review de novo. (See *People v. Murillo* (2020) 54 Cal.App.5th 160, 167.)

10

As discussed, the superior court recited it had reviewed "the evidence of the case" in concluding Welch was the actual shooter; however, the court gives no indication what documents it had reviewed or what information those documents contained. Neither party has requested the record be supplemented or augmented to include any documents from the court file or the record of conviction.[6] In the absence of anything in the record to establish his ineligibility for relief as a matter of law, Welch argues the declaration in the petition that he was not the actual killer constitutes prima facie evidence of his eligibility for relief. Generally, we would agree. Because we conduct a de novo review of eligibility, the superior court's conclusion alone does not support a finding Welch is ineligible for relief. Without more, we would reverse and direct the court to proceed with the next step (appointment of counsel and request for briefing from the People and Welch's counsel) in determining whether Welch is entitled to relief pursuant to section 1170.95, subdivision (c).

However, in this case the lack of a record supplied by the parties has not prejudiced Welch because evidence he submitted to this court in a prior proceeding establishes that Welch was convicted pursuant to a negotiated plea agreement of committing second degree murder with malice aforethought, not felony

---

[6]     In the respondent's brief the Attorney General states it was able to obtain several documents from the trial court file, including the complaint, information, amended information, abstract of judgment and numerous minute orders. However, the Attorney General "is not asking this Court to take judicial notice of these documents because they shed no light on the disputed issue of whether appellant pleaded no contest to murder as the shooter."

11

murder or murder under a natural and probable consequences theory as required to be eligible for relief under section 1170.95, subdivision (a).

On July 13, 2016 Welch filed a petition for writ of habeas corpus in this court and attached the reporter's transcript of the April 12, 1988 hearing at which he had pleaded no contest to second degree murder.[7] During that hearing the superior court explained to Welch that the People's theory of the case was that Welch shot the victim during the course of an attempted robbery, which would be first degree felony murder. The court continued, "Ordinarily second degree murder is not applicable to a felony murder-type situation. But second degree murder is simply an unlawful killing with what's called malice aforethought in this case, which is an intentional killing. Do you understand?" Welch responded, "Yes, sir."

Later during the hearing the court addressed defense counsel and the prosecutor and noted that, although felony murder did not require proof of malice, the information against Welch included an allegation of malice. The court then stated, "In this case the plea is to murder in the second degree which does involve malice aforethought. So I don't see any need to amend the information. Is the information acceptable to both

---

[7] We denied Welch's petition on July 14, 2016. (*In re Welch,* B276104.)

We augment the record on our own motion with the April 12, 1988 transcript. (Cal. Rules of Court, rule 8.155(a)(1)(B).) We provided the parties with copies of the petition and exhibits and invited supplemental briefing to address the significance of the plea hearing transcript.

counsel as it now reads?" Both Welch's counsel and the prosecutor answered, "Yes, your honor."

The prosecutor then took Welch's plea of no contest to second degree murder,[8] entered pursuant to *People v. West* (1970) 3 Cal.3d 595 (*West*).[9] The court asked counsel, "Join in the plea and waivers and stipulate to a factual basis?" Both Welch's counsel and the prosecutor answered, "Yes, your honor." The trial court then found, "Defendant's aware of the charge, the elements, the allegations, the consequences of his plea, that he's knowingly and intelligently waived his constitutional rights, freely and voluntarily entered into the plea and there is a factual basis. Court finds a factual basis based on the stipulation of counsel. Court is satisfied there is a factual basis based on the

---

[8] A plea of no contest admits the elements of the crime, but does not constitute an admission of any aggravating circumstances. (*People v. French* (2008) 43 Cal.4th 36, 49; *People v. Learnard* (2016) 4 Cal.App.5th 1117, 1122; see *People v. West* (1970) 3 Cal.3d 595, 612 ["[a] defendant who knowingly and voluntarily pleads guilty or nolo contendere can hardly claim that he is unaware that he might be convicted of the offense to which he pleads; his plea demonstrates that he not only knows of the violation but is also prepared to admit each of the elements"].)

[9] *West* allows a court to accept a plea of guilty or no contest to an uncharged offense or an offense that is not necessarily included in a charged offense notwithstanding the general rule that, when a defendant pleads not guilty, the court lacks jurisdiction to convict him or her of an offense that is neither charged nor necessarily included in the alleged crime. (*West*, *supra*, 3 Cal.3d at pp. 612-613.) In addition, a *West* plea "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.)

stipulation, which in turn is based on the facts set out on the record by the court."[10]

Although the transcript from Welch's habeas proceeding in this court establishes as a matter of law that he is ineligible for relief under section 1170.95, we caution that neither the superior court nor the parties should assume this court will, as a matter of course, seek out or consider documents from the underlying case that were not reviewed by the superior court. The issue on appeal is whether the superior court, on the record before it, correctly ruled the petitioner was ineligible for resentencing as a matter of law. Nonetheless, because the plea hearing transcript is dispositive, reversal would be futile in this case and a waste of judicial resources. (See *People v. Lewis, supra,* 43 Cal.App.5th at p. 1138 ["'[i]t would be a gross misuse of judicial resources to require the issuance of an order to show cause or even

---

[10] At oral argument Welch's counsel asserted Welch was eligible for relief, regardless of the crime to which he had actually pleaded no contest, because the information allowed the prosecutor to proceed under a theory of felony murder. That argument ignores the plain language of the statute. That the charging document encompassed a theory of felony murder or murder under the natural and probable consequences doctrine is a necessary condition to resentencing under section 1170.95 (§ 1170.95, subd. (a)(1)), but it is not sufficient. Section 1170.95, subdivision (a), provides as the threshold requirement that only individuals who were "convicted of felony murder or murder under a natural and probable consequences theory may file a petition" for relief under the statute. Because the record here establishes Welch was convicted of second degree murder with malice aforethought, he is ineligible for resentencing as a matter of law even though a felony murder theory could have been advanced at trial.

14

appointment of counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief'"]; see generally *People v. Alvarez* (1996) 14 Cal.4th 155, 216, fn. 21 [the general rule is that reversal requires prejudice].)

## DISPOSITION

The postjudgment order is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.