Filed 7/5/23  P. v. Doram CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES ANTHONY DORAM,<br><br>    Defendant and Appellant. | D080513<br><br><br>(Super. Ct. No. SCS320393) |


APPEAL from a judgment of the Superior Court of San Diego County, Enrique Camarena, Judge.  Reversed and remanded with instructions.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Daniel J. Hilton, Deputy Attorneys General for Plaintiff and Respondent.

# I

## INTRODUCTION

After a jury trial in which Charles Anthony Doram was convicted of a felony offense, the trial court found true an allegation that Doram was previously convicted of first degree burglary, a violent or serious felony offense constituting a strike prior for purposes of the Three Strikes law. Doram claims substantial evidence did not support the court's strike prior finding because the finding was based exclusively on evidence from outside the burglary case's record of conviction. We agree. Therefore, we reverse the judgment and remand the matter solely so that the People may retry Doram on the strike prior allegation, if they elect to do so, and so that the trial court may conduct resentencing proceedings.

# II

## BACKGROUND

Doram was charged by amended information with felony receipt of stolen property exceeding $950 in value (Pen. Code, § 496, subd. (a); count 1)[1] and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 2). The amended information also alleged Doram suffered prior felony offenses including:

1.  A burglary conviction (§ 459), dated June 22, 2007, in case SCE272058;

2.  Convictions for burglary (§ 459) and receipt of stolen property (§ 496, subd. (a)), dated December 15, 2008, in case SCE283870;

3.  A conviction for vandalism causing $400 or more in damage (§ 594, subds. (a), (b)(1)), dated May 24, 2012, in case SCD240784; and

4.  A conviction for reckless evasion of a peace officer (Veh. Code, § 2800.2, subd. (a)), dated February 4, 2016, in case SCD265217.

---

[1]     Further undesignated statutory references are to the Penal Code.

The amended information alleged the burglary conviction in case SCE272058 was a violent or serious felony conviction, and thus constituted a strike prior, under the Three Strikes law (§§ 667, subds. (b)–(i), 668, 1170.12).

The trial court bifurcated the determination of whether Doram perpetrated the charged offenses and the determination of whether the prior conviction allegations were true. After a trial, a jury found Doram guilty of both charged offenses and Doram waived his right to a jury trial on the prior conviction allegations.

At the ensuing bench trial on the prior conviction allegations, the prosecution did not seek to admit a certified prior packet from case SCE272058, the case in which Doram was alleged to have been convicted of a strike prior. However, it sought to admit, and the court admitted, a certified prior packet for case SCE283870, which included the information, the change of plea form, the abstract of judgment, a fingerprint form, and criminal minutes for case SCE283870. The information alleged Doram suffered a strike prior for burglary (§§ 459, 460) in case SCE272058. On the change of plea form, Doram admitted an enhancement under section 667, subdivisions (b)–(i), and a prior conviction for burglary ("459/460") under section 667, subdivisions (b)–(i), in case SCE283870. He also stated his attorney explained to him the consequences of his change of plea, including the following consequence that was circled on the form as applicable to his case: "Prior strike(s) (No credit to max. 20%)." The abstract of judgment stated the court imposed a low term for Doram's receipt of stolen property conviction and sentenced him to 32 months—double the low term—under "PC 667(b)–(i) or PC 1170.12 (two strikes)." Finally, the criminal minutes include the following notation: "[A]dmits 1 strike per PC 667(b)(1)."

3

Additionally, the prosecution sought to admit, and the trial court admitted, a certified prior packet for case SCD240784, which consisted of the felony complaint, the change of plea form, the abstract of judgment, felony minutes, and an addendum to the felony minutes from case SCD240784. The felony complaint alleged Doram suffered a strike prior for burglary (§ 459) in case SCE272058. On the change of plea form, Doram agreed to a sentence of "16 months state prison (Prior 'strike' conviction being dismissed)."

Finally, the prosecution sought to admit, and the trial court admitted, a certified prior packet for case SCD265217, which was comprised of the felony complaint, the change of plea form, the abstract of judgment, and felony minutes for case SCD265217. The felony complaint alleged Doram suffered a strike prior for burglary (§ 459) in case SCE272058. On the change of plea form, Doram admitted he suffered a prior conviction under "667(b)–(i), 1170.12, 668" for burglary in case SCE272058. The felony minutes indicate Doram had a prior conviction under "PC667(b)–(i)/1170.12," faced sentencing under "PC667(b)–(i)/1170.12," and admitted a prior conviction under "PC 667/1170.12/668." The abstract of judgment states Doram was being sentenced "per PC 667(b)–(i) or PC 1170.12 (strike prior)."

At the conclusion of the bench trial, the court described the prosecution's evidentiary showing as "unorthodox," but nonetheless found true the allegation that Doram suffered a strike prior for his burglary conviction in case SCE272058. The court sentenced Doram to 2 years 8 months in state prison, calculated as follows—the low term of 16 months for the felony receipt of stolen property conviction, doubled due to the strike prior. For the misdemeanor conviction of possession of a controlled substance, the court imposed a concurrent sentence of 77 days with credit for time served.

4

# III

# DISCUSSION

Doram challenges the sufficiency of the evidence supporting the trial court's finding that he suffered a strike prior in case SCE272058. He contends the evidence was insufficient because the court relied exclusively on evidence outside the record of conviction from case SCE272058 to prove the substance of the previous conviction constituting the strike prior. For the reasons set forth below, we agree with Doram.

A. *Legal Principles*

"The Three Strikes law was '[e]nacted "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses," ' " known colloquially as strike priors. (*People v. Henderson* (2022) 14 Cal.5th 34, 43 (*Henderson*).) "Generally, the Three Strikes law 'increases punishment for second strike defendants by doubling any determinate terms they otherwise would have received ....' [Citation.] Third strike offenders were made subject to an indeterminate life sentence for the current felony." (*Ibid.*)

"The prosecution is required to prove each element of an alleged sentence enhancement beyond a reasonable doubt," including an allegation that the defendant suffered a strike prior. (*People v. Learnard* (2016) 4 Cal.App.5th 1117, 1122.) "A common means of proving the fact and nature of a prior conviction is to introduce certified documents from the record of the prior court proceeding and commitment to prison, including the abstract of judgment describing the prior offense." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1066 (*Delgado*).) The trier of fact is entitled to draw " 'reasonable inferences' " from the documents contained within the record of conviction. (*Ibid.*) " '[O]fficial government records clearly describing a prior conviction

presumptively establish that the conviction in fact occurred, assuming those records meet the threshold requirements of admissibility.' " (*Ibid.*)

"On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence.  In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt." (*Delgado, supra*, 43 Cal.4th at p. 1067.)

B. *Application*

The previous conviction forming the basis of the trial court's strike prior finding was a burglary conviction from 2007 in case SCE272058. Section 459, the general burglary statute, provides in relevant part, "Every person who enters any house ... with intent to commit grand or petit larceny or any felony is guilty of burglary."  Section 460 distinguishes between first degree burglary and second degree burglary, stating in pertinent part, "(a) Every burglary of an inhabited dwelling house ... is burglary of the first degree. [¶] (b) All other kinds of burglary are of the second degree."

"In order to constitute a 'strike [prior],' a prior conviction must qualify under the statutory definitions of a serious or violent felony." (*Henderson, supra*, 14 Cal.5th at p. 44.)  "Serious felonies are defined in section 1192.7, subdivision (c), while the violent felony definition appears in section 667.5, subdivision (c)." (*Ibid.*)  Section 667.5, subdivision (c)(21), defines "violent felony" to include "[a]ny burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary."  Section 1192.7, subdivision (c)(18) lists "any burglary of the first degree" as a "serious felony."  Thus, a conviction for first

6

degree burglary—that is, a conviction for burglary of an inhabited dwelling house—is a strike prior, while a conviction for second degree burglary is not.

Relying on *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*), Doram claims the trial court erred insofar as it looked to evidence beyond the record of conviction from case SCE272058 to support its finding that his burglary conviction in case SCE272058 was a conviction for a violent or serious felony. In *Guerrero*, the Supreme Court addressed whether a trier of fact may rely on the entire record of conviction from a prior conviction or, instead, whether the fact finder is restricted to the judgment of conviction from the prior conviction, when determining the truth of a prior-conviction allegation. After reviewing prior Supreme Court precedent, the *Guerrero* court concluded that, in determining the truth of a prior-conviction allegation, a trier of fact "may look to the entire record of the conviction." (*Id.* at p. 355.) As the court explained, this rule is "reasonable" because "it promotes the efficient administration of justice." (*Ibid.*)

At the same time, the *Guerrero* court placed boundaries on its rule about the evidence a trier of fact may consider when assessing the nature or circumstances of a prior conviction for purposes of a prior-conviction allegation. According to the court, a trier of fact may "look to the record of the conviction—*but no further*," a limitation that "effectively bars the prosecution from relitigating the circumstances of a crime committed years ago and thereby threaten[s] the defendant with harm akin to double jeopardy and denial of speedy trial." (*Guerrero, supra*, 44 Cal.3d at p. 355; see *People v. Gallardo* (2017) 4 Cal.5th 120, 138 ["Our precedent instructs that determinations about the nature of prior convictions are to be made ... based on the record of conviction."]; *People v. Scott* (2000) 85 Cal.App.4th 905, 913 (*Scott*) [under *Guerrero*, "evidence other than the 'record of conviction' may

7

not be utilized to prove that appellant's [previous] conviction met the definition of a 'serious felony' "]; cf. *People v. Martinez* (2000) 22 Cal.4th 106, 117–118 [noting that *Guerrero* governs "the permissible scope of proof to establish the *substance* of a prior conviction, i.e., the nature and circumstances of the underlying conduct," but not the scope of "proof relating to other aspects of a prior conviction, such as the identity of the defendant or service of a prior prison term"].)

In the present case, the trial court looked entirely outside the record of conviction from case SCE272058 in order to assess the nature and circumstances of Doram's burglary conviction in case SCE272058. Indeed, the admitted evidence consisted solely of certified prior packets from criminal proceedings that occurred *after* case SCE272058 was final—namely, Doram's certified prior packets in cases SCE283870, SCD240784, and SCD265217. Clearly, this evidence was not part of the record of conviction from case SCE272058, which culminated in a final judgment of conviction before cases SCE283870, SCD240784, and SCD265217 were even initiated.

Further, because not all burglary convictions are violent or serious felonies, the evidence at issue was admitted to prove the nature and circumstances of Doram's previous burglary conviction—i.e., to prove he burglarized an inhabited residence, such that his conviction was a strike prior.[2] Under *Guerrero*, the court was prohibited from relying on evidence

---

[2]    Even the People appear to concede the evidence was admitted to prove the nature of Doram's burglary conviction from case SCE272058. For instance, the People state in their appellate brief that the evidence "proved appellant's prior 2007 offense qualified as a strike prior," not merely that Doram suffered a prior burglary conviction. Further, when discussing the change of plea forms Doram executed in cases SCE283870, SCD240784, and SCD265217, the People contend the change of plea forms were "sworn judicial admissions which established the nature of the crime" in case SCE272058.

outside the record of conviction from case SCE272058 to establish the nature and circumstances of Doram's conviction in that case. Because the trial court relied exclusively on such evidence in order to establish the nature and circumstances of Doram's burglary conviction, we conclude the admitted evidence was insufficient to support the strike prior finding. (See *Scott, supra*, 85 Cal.App.4th at pp. 913–914 [reversing finding that defendant suffered prior conviction for serious felony because trial court relied exclusively on evidence outside record of conviction to support its finding].)

The People urge us to affirm the strike prior finding on grounds that the question whether Doram's previous burglary conviction from case SCE272058 constituted a violent or serious felony has "already been litigated" in cases SCE283870, SCD240784, and SCD265217. According to the People, claim preclusion prevents Doram from relitigating this settled issue in the current proceeding.[3] We are not persuaded.

---

[3] "As the names suggest, claim preclusion prevents relitigation of entire claims (or 'causes of action') [citation], while issue preclusion prevents relitigation of specific issues." (*Grande v. Eisenhower Medical Center* (2022) 13 Cal.5th 313, 323.) The People purport to invoke principles of claim preclusion, or res judicata, but in substance they appear to invoke the doctrine of issue preclusion, or collateral estoppel. For example, in their appellate brief, the People state that Doram's admissions in cases SCE283870, SCD240784, and SCD265217 resolved "the question of whether the 2007 burglary qualified as a strike prior," i.e., it resolved the *issue* of whether the conviction was a strike prior. Similarly, the People assert that Doram's admissions in cases SCE283870, SCD240784, and SCD265217 resolved "an *issue* related to his guilt of a past crime." (Italics added.) Elsewhere in their appellate brief, the People claim the question of "whether appellant's 2007 burglary offense qualified as a strike ha[s] already been litigated, [so] *this issue* [is] subject to the principles of res judicata." (Italics added.) As these illustrative examples demonstrate, the People are, in practice, invoking issue preclusion—not claim preclusion.

As an initial matter, the evidence does not demonstrate that a trier of fact has returned a true finding on an allegation that Doram was convicted of first degree burglary in case SCE272058, such that he was convicted of a prior violent or serious felony constituting a strike. Rather, the evidence shows that Doram admitted prior burglary conviction allegations when he entered plea agreements in cases SCE283870 and SCD265217. "[A] judgment based on a guilty plea is not entitled to collateral estoppel effect." (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1528; see also *People v. Camp* (1970) 10 Cal.App.3d 651, 653 [" 'When a plea of guilty has been entered in the prior action, no issues have been "drawn into controversy" by a "full presentation" of the case. It may reflect only a compromise' "].)

Moreover, section 667, subdivision (f)(1), requires the prosecution to "plead and prove each prior serious or violent felony conviction" anew before a strike prior may be sustained in a criminal proceeding. Through this statutory pleading and proof requirement, "[t]he Legislature has ... rejected the application of collateral estoppel by the prosecutor to prior conviction and has, instead, required the prior to be specifically proven in the new action regardless of whether or not a previous [trier of fact] found the prior 'true.' " (*People v. Rice* (1988) 200 Cal.App.3d 647, 654 (*Rice*); see also *ibid.* [rejecting defendant's attempts to invoke collateral estoppel for a not true finding on a prior conviction and noting that "it would seem anomalous to allow the defendant to raise the collateral estoppel doctrine when the prosecutor cannot, particularly when the Legislature has stated its intent to have the issue specifically pleaded and litigated anew in the trial of the new offense"].)

Further, "when the defendant is on trial for one substantive offense and the prosecution charges one prior conviction, the issue before the [trier of fact] is the defendant's *current status*, i.e., whether the defendant is guilty of

10

the substantive offense and *whether it is then true* the defendant has a prior conviction. The [trier of fact] is not asked to determine whether the defendant was 'guilty' of the prior conviction or whether the prior conviction was validly obtained or is void." (*Rice, supra*, 200 Cal.App.3d at p. 654, emphasis altered.) Thus, the question posed here—whether, at present, Doram has suffered a prior serious or violent felony conviction—is not identical to the question that was presented in Doram's previous cases— whether, when those cases were pending, Doram had suffered a prior serious or violent felony conviction. For all these reasons, we reject the People's efforts to foreclose Doram's challenge to the prior strike finding.

Because the evidence was insufficient to support the prior strike finding, the prior strike finding cannot stand. (*Scott, supra*, 85 Cal.App.4th at pp. 913–914.) We reverse the judgment, remand the matter, and direct the trial court to: (1) permit the People to retry Doram on the prior strike allegation; and (2) resentence Doram. (See *People v. Barragan* (2004) 32 Cal.4th 236, 239 [after an appellate court reverses a strike prior finding for insufficient evidence, a defendant may be retried on the strike prior].)

IV

DISPOSITION

The judgment of conviction is reversed and the matter is remanded with instructions that the trial court:  (1) permit the People to retry the strike prior allegation, if they elect to do so; and (2) resentence Doram.


                                                                                McCONNELL, P. J.

WE CONCUR:


BUCHANAN, J.


CASTILLO, J.


12