Filed 3/13/24  P. v. Edwards CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C098225 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRFECOD20150006708, SF131698A) |
| v. | |
| TRENTON PHILLIP EDWARDS, | |
| Defendant and Appellant. | |

In 2018, defendant Trenton Phillip Edwards pleaded no contest to robbery (Pen. Code, § 211; statutory section citations that follow are found in the Penal Code unless otherwise stated); attempted murder (§§ 664/187, subd. (a)); and admitted enhancements alleging that he used a firearm in the attempted murder (§ 12022.5, subd. (a)) and that he caused great bodily injury (§ 12022.7, subd. (a)).

In 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The trial court denied the petition at the prima facie stage of the proceedings.

1

Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6.

On appeal, defendant argues the trial court erred when it relied on the factual basis stated at the plea hearing to conclude he was the actual perpetrator of the attempted murder and therefore ineligible for resentencing. We affirm the trial court's order.

## FACTS AND HISTORY OF THE PROCEEDINGS

From the 10 substantive counts and various enhancements alleged in the information, defendant pleaded no contest to robbery (§ 211); attempted murder (§§ 664/187, subd. (a)); and admitted enhancements that he used a firearm in the attempted murder (§ 12022.5, subd. (a)) and caused great bodily injury (§ 12022.7, subd. (a)). In exchange for his plea, the trial court agreed to sentence him to 16 years in prison. Defendant was the sole defendant identified in the information as to the attempted murder charge. At the request of the People, the trial court struck the language in the information defendant acted with premeditation and deliberation.

During the plea colloquy, when the trial court asked for a factual basis for the plea, the prosecutor recited the following: "With regard to [the attempted murder], . . . on August 6th, . . . defendant did take a video game console by force and shot the victim, [S.M.], one time in the abdomen, inflicting a gunshot wound." The court asked defense counsel if she concurred, and she responded that she did.

In accordance with the plea agreement, the trial court sentenced defendant to 16 years.

In 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel for defendant, received briefing, and held a hearing. At the conclusion of the proceedings, the trial court denied the petition. The trial court found defense counsel, after consulting with defendant, stipulated to the factual basis for

2

the plea.  The trial court found that plea and its factual basis demonstrated defendant was the sole perpetrator of the attempted murder and thus defendant could not demonstrate a prima facie entitlement to resentencing.

Defendant filed a timely notice of appeal.

DISCUSSION

I

Defendant argues the trial court erred in determining he is ineligible for resentencing under section 1172.6.  The court did not err.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 "amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.'  (§ 188, subd. (a)(3), added by Stats. 2018, ch. 1015, § 2.)"  (*People v. Harden* (2022) 81 Cal.App.5th 45, 51.) This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions.  (*People v. Gentile* (2020) 10 Cal.5th 830, 846.)

Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand its reach to include those convicted of "attempted murder under the natural and probable consequences doctrine . . . ."  (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

The application of the natural and probable consequences doctrine requires multiple actors to participate in the crime.  "Under the natural and probable consequences doctrine, 'an accomplice is guilty not only of the offense he or she directly aided or

3

abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the "natural and probable consequence" of the crime the accomplice aided and abetted (i.e., the nontarget offense).' [Citation.] In the case of a homicide, then, '[s]o long as the direct perpetrator possessed malice, and the killing was a natural and probable consequence of the crime the defendant aided and abetted,' the defendant was culpable for murder regardless of 'whether the defendant intended to kill or acted with conscious disregard for human life.' [Citation.]" (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1026-1027.) Thus, as defendant concedes, when there is no accomplice, the actual perpetrator of attempted murder is ineligible for resentencing under this provision as their mental state is not predicated on the acts or mental states of another. (*People v. Patton* (2023) 89 Cal.App.5th 649, 656-657, review granted June 28, 2023, S279670 [sole assailant who pleaded no contest to attempted murder is ineligible for section 1172.6 relief]; see also, *People v. Delgadillo* (2022) 14 Cal.5th 216, 233 [defendant not entitled to relief because he was the "actual killer and the only participant in the killing"]; *People v. Harden*, *supra*, 81 Cal.App.5th at pp. 47-48 [actual killer is not eligible for relief under section 1172.6].)

Section 1172.6 creates a petition process for an eligible defendant to ask for resentencing. (§ 1172.6, subd. (a).) Section 1172.6, subdivisions (b) and (c) set forth the process for evaluating the petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962.)

First, the trial court must determine whether the petition is facially sufficient under section 1172.6, subdivision (b). (*People v. Lewis, supra,* 11 Cal.5th at p. 960.) If the petition is facially sufficient, the court must appoint counsel (if requested) and follow the briefing schedule set forth in the statute. (*Id.* at p. 966.) Following the completion of this briefing, the trial court must hold a hearing to determine whether a petitioner has made a prima facie showing that he are entitled to relief. (*Ibid*.; § 1172.6, subd. (c).)

As our Supreme Court explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a

4

prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis, supra*, 11 Cal.5th at p. 971.) Stated another way, a petition for resentencing may be denied at the prima facie stage where the record of conviction, including items such as the jury instructions and associated findings, establish a defendant's ineligibility for relief as a matter of law. (*People v. Curiel* (2023) 15 Cal.5th 433, 459-461.) The plea colloquy and any factual basis stipulated to by the defendant are also part of the record of conviction. (*People v. Fisher*, *supra*, 95 Cal.App.5th at pp. 1028-1029.)

The relevant charge here was attempted murder. "[A]ttempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing." (*People v. Lee* (2003) 31 Cal.4th 613, 623.) As noted by defendant, a no contest plea "admits the elements of the crime but does not constitute an admission of any aggravating circumstances. [Citation.] '[I]f the prior conviction was for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense.' " (*People v. Learnard* (2016) 4 Cal.App.5th 1117, 1122, review granted Feb. 22, 2017, S238797.)

Here, defendant pleaded no contest to attempted murder, admitted he personally used a firearm and inflicted great bodily injury. The legal effect of his plea was to admit

5

the elements of having the specific intent to kill and the commission of a direct but ineffectual act towards the intended killing. In addition to this, defendant's counsel stipulated to the prosecutor's factual basis that defendant shot the victim in the abdomen with a gun. Neither defendant nor his counsel, at any time suggested defendant was merely an accomplice to someone else, or that he did not have the intent to kill the victim when he shot him in the stomach. This admission establishes defendant was the sole perpetrator of attempted murder and therefore ineligible for resentencing.

Defendant points out he was not required to personally admit the truth of the factual basis for the plea which may be established by defense counsel's stipulation to a particular document and absent an indication defendant intended to make that admission, the stipulation to the factual basis is not an admission for all purposes citing *People v. French* (2008) 43 Cal.4th 36, 50-51. Despite the fact he was not required to admit the truth of the factual basis, defendant did so here directly through his duly appointed attorney's concurrence in the prosecutor's statement as to those facts.

Defendant attempts to avoid the consequence of his counsel's stipulation by pointing to *People v. Eynon* (2021) 68 Cal.App.5th 967 and *People v. Rivera* (2021) 62 Cal.App.5th 217, review granted June 9, 2021, S268405. Neither case affords him comfort.

In *Eynon,* the information alleged defendant and his codefendant "did wilfully, unlawfully, and with deliberation, premeditation, and malice aforethought murder [the victim]." (*People v. Eynon*, *supra*, 68 Cal.App.5th at p. 971.) At the change of plea hearing, defendant stipulated to the factual basis of his plea by stating he did "what Count 1 of th[e] information says [he] did, when it says [he] did it." (*Id.* at p. 976.) In reversing and remanding the denial of defendant's 1172.6 petition at the prima facie stage, the appellate court concluded this generic admission did not demonstrate defendant admitted he was the actual killer, acted with the intent to kill or was a major participant in the underlying felony and acted with reckless indifference to human life. (*Eynon*, at p. 979.)

6

By contrast to the defendant in *Eynon,* defendant here admitted he is the one who took the video game console by force and shot the victim in his stomach with a gun. This was not a generic admission, but was a specific factual admission by defendant that he, alone, attempted to kill the victim with a gun.

*Rivera* does not assist defendant either. In *Rivera*¸ the defendant and his codefendant were indicted for murder. (*People v. Rivera, supra,* 62 Cal.App.5th at p. 223, review granted.) At his plea hearing, defense counsel stipulated to the factual basis for the plea "on the basis" of the grand jury transcript (which was neither summarized nor admitted). (*Id.* at pp. 225-226, review granted.) Not surprisingly, in reversing the trial court's denial of defendant's 1172.6 petition for resentencing, the appellate court determined that this nonspecific stipulation to the grand jury transcript did not "admit to the truth of any of the evidence presented to the grand jury, and that evidence therefore cannot be used to demonstrate that he admitted to acting with actual malice." (*Rivera*, at p. 235, review granted.) Again, defendant here admitted his actions regarding the specific crime.

We find *People v. Fisher*, *supra,* 95 Cal.App.5th 1022, instructive. There, the defendant personally agreed to the factual basis set forth on the record by the prosecutor that he was charged with shooting and killing two people and shooting and injuring a third. (*Id.* at pp. 1028-1029.) Under those circumstances, the *Fisher* court rejected the defendant's argument that this admission coupled with his plea did not establish he had the intent to kill. (*Id.* at p. 1029.) As the court noted, "Because he admitted he was the direct perpetrator of the crimes, [the defendant] could not have been convicted under the natural and probable consequences doctrine, so malice could not have been imputed to him under that theory." (*Ibid.*)

Here, defendant's ineligibility was not based on a generic admission to the information or to a grand jury transcript. Rather, defendant pleaded guilty to attempted murder. He expressly admitted, through his counsel, the specific facts that he alone was

the one who stole the video game console, and he alone is the one who fired the gun wounding his victim. Defense counsel had "broad authority to stipulate to factual and procedural matters on his client's behalf." (*People v. Palmer* (2013) 58 Cal.4th 110, 118.) Defendant is bound by that stipulation and is ineligible for relief under section 1172.6.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

RENNER, J.