Filed 5/9/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B280630 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA398681) |
| v. | |
| JIMMY VALENZUELA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed; remanded with directions.

Mark L. Christiansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Jimmy Valenzuela appeals from the judgment entered on his conviction for two counts of first degree murder. Valenzuela contends the verdict for one of the murders is unintelligible because the jury submitted two signed verdict forms for that murder, one reflecting a guilty verdict and the other a not guilty verdict. Valenzuela also contends he should benefit from a change in the law granting trial courts the discretion to strike gun enhancements. We agree with the second contention but reject the first, and thus affirm Valenzuela's conviction but remand for resentencing.

## BACKGROUND

In 2007, an assailant shot and killed Joe Alvarado. In 2010, an assailant shot and killed Jimmy Jimenez. Both were members of the Varrio Nuevo Estrada street gang and were thought to have been killed by a member of the rival Southside Montebello street gang. During recorded conversations with a police informant, Valenzuela admitted shooting Alvarado and Jimenez. He was arrested and tried on two counts of first degree murder.

At the end of trial, after the jury indicated it had reached a verdict and returned verdict forms for the Alvarado and Jimenez murders, the trial court stated, "The jury has reached a verdict. I am unsealing the verdicts. [¶] The verdicts appear to be correctly dated and signed. [¶] The clerk will read the verdicts as they are to be recorded." The court clerk read the verdicts, both of which indicated the jury found Valenzuela guilty of two counts of first degree murder, and as to each count found true the firearm and gang allegations and the special circumstances

2

allegation that he had committed "more than one murder in this case." The clerk then asked, "Ladies and gentlemen of the jury, are these your verdicts, so say you one, so say you all?" The jury answered in the affirmative.

When the trial court inquired whether either side wished to have the jury polled, Valenzuela's counsel indicated he did want the jury polled. The court then stated, "Ladies and gentlemen of the jury, as I call you by your seat number, please answer 'yes' or 'no' to the following question: Are these your individual verdicts as to counts One and Two?" Each juror answered in the affirmative.

The court sentenced Valenzuela for the Alvarado murder to life in prison without the possibility of parole, plus 25 years to life, and for the Jimenez murder to a concurrent sentence of the same length.

Valenzuela timely appealed.

The record on appeal includes two signed verdict forms for the Jimenez murder. In the first, which was read at trial, the jury found Valenzuela guilty. The second delivers a not guilty verdict.

## DISCUSSION

### I.   The Verdict is Intelligible

Valenzuela argues the signed guilty and not guilty verdict forms create an unintelligible verdict. We disagree.

The Legislature has set down "in prescriptive detail" the procedures a court must follow in receiving a jury verdict. (*People v. Carbajal* (2013) 56 Cal.4th 521, 530.) Penal Code "[s]ection 1147 provides that '[w]hen the jury have agreed upon

3

their verdict, they must be conducted into court by the officer having them in charge.' Section 1149 provides that '[w]hen the jury appear they must be asked by the Court, or Clerk, whether they have agreed upon their verdict, and if the foreman answers in the affirmative, they must, on being required, declare the same. . . .' Section 1163 provides that '[w]hen a verdict is rendered, and before it is recorded, the jury may be polled, at the request of either party, in which case they must be severally asked whether it is their verdict, and if any one answer in the negative, the jury must be sent out for further deliberation.' And section 1164, subdivision (a) provides that '[w]hen the verdict given is receivable by the court, the clerk shall record it in full upon the minutes, and if requested by any party shall read it to the jury, and inquire of them whether it is their verdict. If any juror disagrees, the fact shall be entered upon the minutes and the jury again sent out; but if no disagreement is expressed, the verdict is complete. . . .' " (*Id.* at pp. 530-531.)

Regardless of what verdict forms are returned, the jurors' oral declaration is the true return of the verdict. (*People v. Traugott* (2010) 184 Cal.App.4th 492, 500; *People v. Lankford* (1976) 55 Cal.App.3d 203, 211, disapproved on another ground in *People v. Collins* (1976) 17 Cal.3d 687, 694; *People v. Mestas* (1967) 253 Cal.App.2d 780, 786.) Whenever two verdicts on different counts conflict and the jurors orally acknowledge only one, the acknowledged verdict is the only true one and, therefore the only verdict upon which judgment can be rendered. (*People v. Thornton* (1984) 155 Cal.App.3d 845, 858.)

Here, the sealed envelope given to the trial court by the jury contained only one verdict form for the Jimenez murder. It was read in open court and unequivocally found Valenzuela guilty. The jurors then collectively and individually affirmed the guilty finding. This was the true, intelligible return of the verdict.

Valenzuela relies on *People v. Brown* (2016) 247 Cal.App.4th 211 for the proposition that when a jury submits both guilty and not guilty verdicts on the same count, the actual verdict is unintelligible.

*People v. Brown* is distinguishable. There, the jury returned signed guilty and not guilty verdict forms for the same count, with the not guilty form having the words "withdrawl [*sic*] void" handwritten across the form. (247 Cal.App.4th at p. 214.) The trial court replaced the not guilty form with a clean copy and instructed the jury how to sign the forms. (*Ibid*.) The next day, the jury again rendered the verdict, again sending out two signed, conflicting guilty and not guilty verdict forms, except this time the not guilty form had no writing on it to indicate the jury wished it to be void or of no effect. The court, assuming the jury had made the same mistake as it made the day before, disregarded the not guilty verdict form without informing counsel of it. (*Ibid*.) After reading only the guilty verdict, the court polled the jury collectively, obtained confirmation of the verdict, and excused them. The court later explained to counsel that the jury had returned signed guilty and not guilty verdict forms the day before, and had done so a second time prior to its reading the verdicts in open court. (*Ibid*.) The court stated that it

5

determined the not guilty form to be a clerical mistake, and disregarded it. (*Id*. at pp. 214-215.)

The appellate court reversed, holding "there is no recordable verdict when the jury purports to find the defendant guilty and not guilty on the same count, and the court does not get to pick the verdict to be entered based on its conclusion that that verdict is the correct one and the other was erroneously made." (*People v. Brown, supra*, 247 Cal.App.4th at p. 232.)

Here, nothing in the record suggests either affirmatively or by reasonable inference that the jury returned inconsistent verdicts. When it received the verdicts on both murder counts the court stated, "The verdicts appear to be correctly dated and signed," which it would not have done had there been conflicting verdicts. The court then gave the forms to the clerk, who read only guilty verdicts aloud as to both counts. To infer the jury submitted inconsistent verdicts would require us to deem it reasonable that a judge and a court clerk would each ignore without comment a jury's signed, not guilty verdict, remain silent while the other did the same, and trust the jury to also ignore the inconsistency when polled. The notion defies reason.

We therefore affirm the judgment.

## II.    Senate Bill No. 620 Requires Remand

The jury found that Valenzuela personally and intentionally used and discharged firearms, causing great bodily injury and death. Lacking at the time authority to strike or dismiss gun enhancements under Penal Code section 12022.53 (see, e.g., *People v. Somnang Kim* (2011) 193 Cal.App.4th 1355,

6

1362-1363), the trial court imposed a 25-years-to-life gun enhancement pursuant to subdivision (d) of section 12022.53.[1]

Before Valenzuela had exhausted his opportunities to challenge the trial court's judgment in reviewing courts, the Legislature amended section 12022.53 to provide that the "court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."  (§ 12022.53, subd. (h); Stats. 2017, ch. 682.)[2]  The amendment went into effect on January 1, 2018.  (See Cal. Const., art. IV, § 8, subd. (c).)

Valenzuela argues, and the People concede, that remand is necessary to give the trial court an opportunity to exercise its discretion on whether to strike the firearm enhancement.  We agree.

Generally, amendments to the Penal Code do not apply retroactively.  (§ 3.)  However, our Supreme Court has recognized an exception for an amendment that reduces the punishment for a specific crime.  (See *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*); accord, *People v. Brown* (2012) 54 Cal.4th 314, 323-324.)  The *Estrada* court explained that when the Legislature has reduced a crime's punishment, it has "expressly determined

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Under section 1385, the court "may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed," "to strike or dismiss an enhancement," or to "strike the additional punishment for that enhancement."  (§ 1385, subds. (a) & (c).)

that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act." (*Estrada, supra*, at p. 745.) The Court inferred that "the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Ibid.*) To "hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." (*Ibid.*)

The Supreme Court has extended the *Estrada* holding to amendments that give the trial court discretion to impose a lesser sentence even if it does not necessarily reduce a defendant's punishment. (*People v. Francis* (1969) 71 Cal.2d 66, 75-76; see *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308.)

Although the trial court here had no discretion to strike a gun enhancement at the time of sentencing, the record creates a possibility the court might have been open to doing so. Therefore, the matter must be remanded to provide the court with the opportunity to exercise its discretion.

## III. Additional Fees

The People observe, and Valenzuela agrees, that the abstract of judgment reflects a single imposition of a court operations assessment (§ 1465.8, subd. (a)(1)) and criminal conviction assessment (Gov. Code, § 70373), whereas the trial court ordered one of each assessment for each murder count. Because the abstract of judgment does not reflect the oral

8

pronouncement at sentencing, we will order that the error be corrected on remand.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The judgment is affirmed.  The sentence is vacated as to the enhancements imposed and the matter is remanded to afford the trial court an opportunity to (1) strike enhancements as discussed above and (2) correct the abstract of judgment.

CERTIFIED FOR PUBLICATION


CHANEY, J.


We concur:



ROTHSCHILD, P. J.



JOHNSON, J.