Filed 1/11/22  P. v. Clark CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DANIEL JOSEPH CLARK,<br><br>  Defendant and Appellant. | 2d Crim. No. B306407<br>(Super. Ct. No. 2019007689)<br>(Ventura County)<br><br>OPINION FOLLOWING<br>TRANSFER FROM<br>SUPREME COURT |

Daniel Joseph Clark appeals from the judgment after a jury convicted him of battery on a peace officer causing injury (Pen. Code,[1] § 243, subd. (c)(2); count 1), battery with the infliction of serious bodily injury (*id.*, subd. (d); count 2), and resisting an executive officer (§ 69, subd. (a); count 3).  The jury also found true an allegation that Clark inflicted great bodily injury when he committed count 1 (§ 12022.7, subd. (a)).  In a bifurcated proceeding, Clark admitted that he had a prior "strike" conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and a

_____

[1] Statutory references are to the Penal Code.

prior serious felony conviction (§ 667, subd. (a)(1)). The trial court sentenced him to seven years in state prison.

In his prior appeal, Clark contended: (1) the evidence was insufficient to support his convictions on counts 1 and 3, (2) the jury was not properly instructed on excessive force, (3) the trial court should not have instructed the jury that the right to self-defense may not be contrived, (4) counsel provided ineffective assistance, (5) the true findings on the prior strike and prior serious felony allegations must be vacated, and (6) the errors, considered cumulatively, denied him a fair trial. We rejected these contentions. The Supreme Court subsequently directed us to vacate our decision and reconsider the matter in light of Assembly Bill No. 518. Having done so, we once again reject Clark's contentions, but remand the matter to permit the trial court to exercise its newfound sentencing discretion.

FACTUAL AND PROCEDURAL HISTORY

*Clark assaults a deputy sheriff*

In December 2017, a Salvation Army security guard called 911 to report that a man was harassing the store's employees and refusing to leave. Ventura County Sheriff's Deputy Amber Voorhees responded to the call. She spoke with the security guard and obtained a picture of Clark from him.

A few minutes later, employees at a nearby car dealership called 911 to report that a man was yelling threats and obscenities. Deputy Voorhees arrived about 10 minutes later, and saw Clark standing in the dealership's driveway. She turned on her body camera,[2] approached Clark, and asked for his identification. He refused to provide it and walked away.

_____

[2] Footage from Deputy Voorhees's body camera was shown at trial.

Deputy Voorhees saw an open container of vodka in Clark's pocket. He also "reeked" of alcohol and appeared to be under the influence. As he approached a street corner, Deputy Voorhees worried that he might walk into traffic, so she grabbed his shoulder and asked him to sit down. Clark told her to leave him alone.

After asking Clark's name again, Deputy Voorhees saw "a sharp, long object" protruding from his pocket. She reached out to conduct a pat search for weapons. Before she could do so, Clark grabbed her and a screwdriver fell from his pocket. Deputy Voorhees tried to move Clark away from it, but he began "thrashing" around and grabbed her wrist. He refused to comply with the deputy's commands to put his hands behind his back.

Deputy Voorhees punched Clark on the chest in an effort to make him let go of her wrist. The effort was unsuccessful. She then directed him to lie on his stomach and stop struggling. He refused. She threatened to shoot him with her taser if he continued to struggle; when he did so, she made good on her threat.

Clark continued to resist, and Deputy Voorhees tased him again. He then grabbed her hand and bent her thumb backward. Deputy Voorhees suffered a severe sprain to her thumb as a result.

*Jury instructions*

At trial, jurors were instructed on the offenses charged in counts 1 through 3, plus five lesser-included offenses: battery against a peace officer (§ 243, subd. (b), a lesser-included offense to count 1), assault against a peace officer (§ 241, a lesser-included offense to count 1), simple battery (§ 242, a

3

lesser-included offense to counts 1 and 2), simple assault (§ 240, a lesser-included offense to counts 1 and 2), and resisting arrest (§ 148, subd. (a), a lesser-included offense to count 3). As to the lesser offenses, the trial court told jurors that it could accept verdicts on them only if they acquitted Clark of the charged crimes. The court then instructed jurors pursuant to CALCRIM No. 3517, which told them that they had the discretion to "decide the order in which [they] consider[ed] each crime and the relevant evidence." The instruction also reiterated that the court could "accept a verdict of guilty [on] a lesser crime only if [jurors] . . . found [Clark] not guilty of the corresponding greater crime."

As to counts 1 and 3, the trial court instructed jurors pursuant to CALCRIM Nos. 945 and 2652, which told them that they had to conclude that Deputy Voorhees was engaged in the performance of her duties to find Clark guilty of those charges. CALCRIM No. 2670 explained to jurors that an officer can use reasonable force to effectuate a detention, to prevent escape, to overcome resistance, or in self-defense. Additionally, it said that suspects can "lawfully use reasonable force to defend" themselves if peace officers use "unreasonable or excessive force while detaining or attempting to detain" them. The instruction repeated that prosecutors had to prove beyond a reasonable doubt that Deputy Voorhees was lawfully performing her duties as a peace officer when Clark committed the charged crimes.

In response to Clark's claim of self-defense, the trial court instructed jurors pursuant to CALCRIM No. 3470, a person's right to self-defense. The court also provided CALCRIM No. 3472, which explained that "[a] person does not have the right to self-defense if [they] provoke[] a fight or quarrel with the intent to create an excuse to use force."

4

*Closing arguments*

During closing arguments, the prosecutor referred to CALCRIM No. 3472 when arguing that Clark did not have a right to self-defense because he "started it" when he grabbed Deputy Voorhees's wrist.

As to the lesser-included offenses, the prosecutor argued that jurors "shouldn't get to those" because they should instead find Clark guilty of the charged crimes. Regarding the battery of Deputy Voorhees, he said that "you can't move to that lesser crime unless you all find [Clark] not guilty of [c]ount 1. So if you find [him] guilty of [c]ount 1, you can ignore the rest of this. You don't touch any of that . . . . You can't go down [to] the lesser-included crimes." Regarding the lesser crimes, he said that if the jurors "all agree[d] that [Clark was] not guilty of 243(b), then [they could] move down to the other two lesser includeds, the 241, which is [the] assault on a peace officer[,] or a 242, just a battery." He later reiterated his belief that jurors "shouldn't even get to [the lesser-included offenses] . . . . But if there [was] an acquittal [on counts 1 through 3], then [they could] start going through the process of lesser-included crimes."

*Sentencing*

Jurors convicted Clark of counts 1 through 3, and found true the allegation that he inflicted great bodily injury on Deputy Voorhees. Prior to sentencing, Clark admitted that he had been "convicted in Ventura County Superior Court of a felony violation of 245(a)(1), assault with a deadly weapon," in January 2009. The trial court accepted Clark's admission and determined that his crime qualified as both a prior strike and prior serious felony. It then struck the prior serious felony enhancement and sentenced him to seven years in state prison: the middle term of

5

two years on count 1, doubled to four years because of the prior strike, plus three years on the great bodily injury enhancement. Sentences of four years on count 2 (the low term of two years, doubled) and two years eight months on count 3 (the low term of 16 months, doubled) were stayed pursuant to section 654.

## DISCUSSION

### *Sufficiency of the evidence of counts 1 and 3*

Clark first contends the evidence was insufficient to support his convictions on counts 1 and 3 because prosecutors failed to prove that Deputy Voorhees used reasonable force when detaining him. We disagree.

To evaluate Clark's contention, "'we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find [him] guilty beyond a reasonable doubt.'" (*People v. Avila* (2009) 46 Cal.4th 680, 701.) We draw all reasonable inferences in favor of the verdict, and presume the existence of every fact the jury could reasonably deduce from the evidence. (*People v. Maciel* (2013) 57 Cal.4th 482, 515.) It is immaterial whether we would have drawn those same inferences (*People v. Solomon* (2010) 49 Cal.4th 792, 811-812); our job is not to reweigh the evidence or reevaluate witness credibility (*People v. Jones* (1990) 51 Cal.3d 294, 314).

Substantial evidence supports the jury's determination that Deputy Voorhees used reasonable force to detain Clark. "The longstanding rule in California . . . is that a defendant cannot be convicted of an offense against a peace officer "'engaged . . . in the performance of . . . [their] duties"' unless the officer was acting lawfully at the time the offense . . .

6

was committed." (*In re Manuel G.* (1997) 16 Cal.4th 805, 815, italics omitted.) This is "'because an officer has no duty to take illegal action.'" (*Ibid.*) It is illegal for an officer to use excessive force. (*People v. White* (1980) 101 Cal.App.3d 161, 164; see *Graham v. Connor* (1989) 490 U.S. 386, 394 (*Graham*).) The force used must instead be reasonable under the circumstances. (*People v. Fosselman* (1983) 33 Cal.3d 572, 579.)

We evaluate the reasonableness of Deputy Voorhees's use of force "from the perspective of a reasonable officer on the scene." (*In re Joseph F.* (2000) 85 Cal.App.4th 975, 989.) "The inquiry is an objective one: Was the [deputy's] action objectively reasonable in light of the facts and circumstances confronting [her], without regard to [her] underlying intent or motivation?" (*Ibid.*) Answering this question "requires a careful balancing of "'the nature and quality of the intrusion on [Clark's] Fourth Amendment interests"' against the countervailing governmental interests at stake." (*Graham*, *supra*, 490 U.S. at p. 396.) This, in turn, requires us to scrutinize "the severity of the crime[s] at issue, whether [Clark] pose[d] an immediate threat to the safety of [Deputy Voorhees] or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." (*Ibid.*)

Here, by the time Deputy Voorhees grabbed him to prevent him from backing into a busy street, Clark had harassed workers at two businesses and showed signs of intoxication. While these were not particularly serious crimes, after Deputy Voorhees contacted Clark she saw that he had "a sharp long object" in his pocket, potentially posing a threat to her safety or the safety of others. Then, when she reached out to search him for weapons, Clark began "thrashing" around, grabbed her wrist, and refused to comply with commands to put his hands behind

7

his back.  These actions justified Deputy Voorhees's decision to subdue Clark by getting on top of him, punching him in the chest, and shooting him with her taser.  (Cf. *Mendoza v. City of West Covina* (2012) 206 Cal.App.4th 702, 712 [most important *Graham* factor is whether defendant poses threat].)  Clark's assertion that the deputy should instead have "simply waited for backup or defused the situation by waiting for [him] to calm down" does not demand a contrary conclusion.  Substantial evidence supports Clark's convictions on counts 1 and 3.

*Excessive force instruction*

Alternatively, Clark contends his convictions on counts 1 and 3 should be reversed because the trial court failed to define "unreasonable force" and "excessive force" for the jury. But Clark did not request these instructions at trial.  And amplifying or clarifying instructions need only be given sua sponte if a word or phrase has "a technical, legal meaning . . . that *differs* from its nonlegal meaning."  (*People v. Estrada* (1995) 11 Cal.4th 568, 574.)

Here, Clark cites no authority for his claim that "unreasonable force" and "excessive force" are technical, legal terms of art with meanings that differ from their nonlegal meanings.  The phrases were used at trial to help explain to jurors whether Deputy Voorhees was in the "lawful performance" of her duties when she detained Clark.  (CALCRIM Nos. 2652 & 2670.)  And CALCRIM No. 200 told jurors that "phrases not specifically defined" were "to be applied using their ordinary, everyday meanings."  (Cf. *Reed v. Stroh* (1942) 54 Cal.App.2d 183, 188 ["[t]he word 'reasonable' is an ordinary word and in common use, and is familiar to the average person"].)  We

8

presume jurors followed this instruction. (*People v. Homick* (2012) 55 Cal.4th 816, 853 (*Homick*).)

*Graham*, *supra*, 490 U.S. 386, on which Clark relies, is inapposite. That case involved a civil action under 42 U.S.C. section 1983 (*Graham*, at p. 388), not a criminal action involving a challenge to jury instructions. And although the case articulated the factors jurors should consider when deciding whether force used by an officer was reasonable (*Graham*, at p. 396), nothing in the opinion suggested that "unreasonable force" and "excessive force" were legal terms of art. To the contrary, *Graham* cautioned that "'reasonableness . . . is not capable of precise definition or mechanical application'" and that "its proper application requires careful attention to the facts and circumstances of each particular case." (*Graham*, at p. 396; see also *People v. Perry* (2019) 36 Cal.App.5th 444, 473, fn. 18 [*Graham* factors "may not be an appropriate subject of instruction in every case"].) Clark was accordingly required to request amplifying instructions had he wanted "unreasonable force" and "excessive force" further defined at trial. Because he did not, his contention is forfeited. (*People v. Cole* (2004) 33 Cal.4th 1158, 1211.)

### *CALCRIM No. 3472*

Next, Clark contends his convictions on counts 1 and 2 should be reversed because CALCRIM No. 3472: (1) misstates the law, and (2) was not supported by the evidence. But Clark did not object to the instruction at trial. And "'a party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying

9

language.' [Citation.]" (*People v. Guiuan* (1998) 18 Cal.4th 558, 570 (*Guiuan*).)

CALCRIM No. 3472 told jurors that Clark did not have a right to self-defense if he provoked a fight in order to create an excuse to use force against Deputy Voorhees. That is a correct statement of the law. (*People v. Eulian* (2016) 247 Cal.App.4th 1324, 1333; see also *People v. Enraca* (2012) 53 Cal.4th 735, 761 [approving CALJIC analog].) It was also responsive to the evidence: As set forth above, substantial evidence supports the jury's determination that Deputy Voorhees used reasonable force when she detained Clark and tried to search him. The jury could then reasonably infer that Clark's response—grabbing her wrist, thrashing about, and refusing to comply with her commands—was a ruse to enable him to escalate the situation. CALCRIM No. 3472 was thus responsive to the evidence presented at trial. Because Clark did not object to it, his contention is forfeited. (*Guiuan*, *supra*, 18 Cal.4th at p. 570.)

*Ineffective assistance of counsel*

Clark next contends counsel provided ineffective assistance because he did not object when the prosecutor "repeatedly and erroneously" told jurors that they could not consider lesser-included offenses unless they first unanimously agreed that he was not guilty of the charged offenses. The record does not support this contention.

An ineffective assistance of counsel claim may be based on counsel's failure to object to prosecutorial misconduct. (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) Such misconduct may occur, for example, if a prosecutor misstates the law. (*People v. Bell* (1989) 49 Cal.3d 502, 538.) Here, as the Attorney General rightly concedes, the prosecutor misstated the law when he told

10

jurors that they could not deliberate on the lesser-included offenses unless they first reached not guilty findings on the charged offenses. (See *People v. Kurtzman* (1988) 46 Cal.3d 322, 336.) Even so, counsel was not ineffective for failing to object.

To establish a claim of ineffective assistance, a defendant must prove, by a preponderance of the evidence, that counsel's performance was deficient and resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 217-218.) As to the first requirement, we "defer to counsel's reasonable tactical decisions" and indulge "a 'strong presumption that [their] conduct falls within the wide range of reasonable professional assistance.' [Citation.]" (*People v. Lucas* (1995) 12 Cal.4th 415, 436-437.) We will not find deficient performance unless no conceivable reason for counsel's actions appears on the record. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003.) As to the second requirement, a defendant establishes prejudice by showing "'a probability sufficient to undermine confidence in the outcome.' [Citations.]" (*Ibid.*) The defendant must show that probability "as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel. [Citation.]" (*People v. Williams* (1988) 44 Cal.3d 883, 937.)

Clark has not established the prejudice required to succeed on his claim. The trial court told jurors repeatedly that it could accept verdicts on the lesser-included offenses only if they acquitted Clark of the charged crimes. It instructed them pursuant to CALCRIM No. 3517, which told them that they had the discretion to "decide the order in which [they] consider[ed] each crime and the relevant evidence." It also told them that they were required to follow the law as explained by the court,

and that they must follow those instructions over any contrary statements by the attorneys. (See CALCRIM No. 200.) We presume jurors followed the court's instructions. (*Homick, supra*, 55 Cal.4th at p. 853.)

Moreover, there was scant likelihood the jury would have found Clark guilty of any of the lesser offenses without also finding him guilty of the charged offenses. The two lesser-included batteries differ from counts 1 and 2 in that they do not require injury. (Compare CALCRIM Nos. 925 & 945 with CALCRIM Nos. 945 & 960.) But the jury found that Clark inflicted great bodily injury on Deputy Voorhees, something he does not contest. The two lesser-included assaults differ from counts 1 and 2 in that no actual touching is required. (Compare CALCRIM Nos. 925 & 945 with CALCRIM Nos. 900 & 915.) Clark does not dispute that he touched Deputy Voorhees. The lesser offenses of simple battery and simple assault also differ from count 1 in that they do not require proof that Deputy Voorhees was engaged in the performance of her duties. Substantial evidence supports the jury's determination that the deputy was properly performing her duties when she detained Clark. Finally, the only difference between the lesser-included offense of resisting a peace officer and the resisting an officer with force or violence charged in count 3 is the use of force or violence. (Compare CALCRIM No. 2652 with CALCRIM No. 2656.) Again, Clark does not contest that he used force against Deputy Voorhees. Clark thus cannot show prejudice stemming from any deficient performance by counsel. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126 [claim fails on an insufficient showing of either deficient performance or prejudice].)

*Prior serious felony and strike allegations*

Assault with a deadly weapon is a serious felony (§ 1192.7, subd. (c)(31)) that qualifies as a strike (§ 667, subd. (d)(1)). (*People v. Hudson* (2018) 28 Cal.App.5th 196, 203.) When Clark suffered his conviction in 2009, however, section 245, subdivision (a)(1), punished both assault with a deadly weapon and assault with force likely to produce great bodily injury. (*Hudson*, at p. 203.) The latter type of assault is not a serious felony, nor does it qualify as a strike. (*Ibid.*) Clark thus contends the trial court's true findings on the priors must be vacated because his 2009 conviction does not categorically qualify as a strike or serious felony. (*People v. Learnard* (2016) 4 Cal.App.5th 1117, 1122.)

But during the proceedings below, Clark admitted that he had been "convicted . . . of a felony violation of 245(a)(1), *assault with a deadly weapon*." (Italics added.) And the trial court was permitted to consider that admission. (See *People v. Gallardo* (2017) 4 Cal.5th 120, 136 [court may consider facts defendant admitted as basis for guilty plea].) The court's findings were accordingly proper.

*Cumulative error*

Finally, Clark contends the multiple errors that occurred at trial, considered cumulatively, denied him a fair trial. Because we rejected all of Clark's claims of error, he cannot show cumulative prejudice. (*People v. Jablonski* (2006) 37 Cal.4th 774, 810.)

*Assembly Bill No. 518*

Under the law in effect at the time of Clark's sentencing, a defendant who committed an act punishable by different laws had to be punished under the law that provided for

13

the longest possible term of imprisonment. (Former § 654, subd. (a).) Effective January 1, 2022, trial courts have the discretion to punish the defendant pursuant to any of the applicable laws. (§ 654, subd. (a); see Stats. 2021, ch. 441, § 1.) Because Clark's case was not final on that date, section 654, as amended by Assembly Bill No. 518, applies here. (Cf. *People v. Valenzuela* (2018) 23 Cal.App.5th 82, 87-88 [amendments granting court the discretion to strike formerly mandatory firearm enhancements apply retroactively to non-final cases].) The matter must thus be remanded to the trial court to exercise its newfound section 654 sentencing discretion.

## DISPOSITION

Clark's sentence is vacated, and the matter is remanded to the trial court with directions to sentence Clark pursuant to the amended version of section 654. The clerk of the court shall then prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.          PERREN, J.

14

Ryan J. Wright, Judge

Superior Court County of Ventura

_____


Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr. and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.