Filed 6/17/22  P. v. Ware CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br>v.<br>CHRISTOPHER SAMUEL WARE,<br>Defendant and Appellant. | A162314<br><br>(Alameda County<br>Super. Ct. No. 20-CR-012239A) |

A jury convicted defendant Christopher Samuel Ware of two counts of second degree robbery, identity theft, and several gun-related crimes, and found true allegations that he personally used a firearm in the commission of a robbery.  The trial court imposed the upper term sentences for one count of second degree robbery and the firearm enhancement.  Ware contends that we should remand for resentencing due to recent statutory amendments to Penal Code section 1170, subdivision (b),[1] that provide presumptions in favor of the lower or middle terms of imprisonment and limit the trial court's discretion in relying on aggravating circumstances to impose the upper term.

We conclude that remand for resentencing is warranted to allow the trial court to exercise its new sentencing discretion under section 1170.

---

[1] All citations are to the Penal Code unless otherwise indicated.

1

Accordingly, we remand for resentencing, and in all other respects we affirm the judgment.

## BACKGROUND

### A. Factual and Procedural History

In July 2020, Ware robbed a 75-year-old woman at gunpoint in front of the woman's house. Ware took the woman's purse, which contained a credit card that someone used shortly after the robbery to make a $500 purchase.

Two weeks later, Ware approached a woman walking to her car in a store parking lot and grabbed the woman's purse, causing her to fall to the ground. Ware then ran off with the purse. A warrant was issued for Ware's arrest that same day.

About a week later, police arrested Ware after they spotted him entering a vehicle. A search of the vehicle revealed a loaded handgun.

In November 2020, Ware was charged by consolidated information with two counts of second degree robbery (§ 211), one with special allegations that Ware personally used a firearm in the commission of the offense (§§ 12022.5, subd. (a), 12022.53, subd. (b)); identity theft (§ 530.5, subd. (a)); possession of a firearm by a felon (§ 29800, subd. (a)(1)); carrying a loaded firearm on one's person in a city (§ 25850, subd. (a)) with a special allegation that he was not in lawful possession of the firearm as a prohibited person (§ 25850, subd. (c)(4)); carrying a concealed firearm within a vehicle (§ 25400, subd. (a)(1)), again with a special allegation that he was not in lawful possession of the firearm (§ 25850, subd. (c)(4)); and possession of ammunition by a prohibited person (§ 25400, subd. (c)(4)).

Prior to trial, Ware stipulated that he was previously convicted of two felonies. The first conviction occurred in February 2017 for burglary (§ 459),

2

and the second was in October 2019 for assault upon the person of another likely to produce great bodily injury (§ 245, subd. (a)(4)).

### B.    Ware's Sentencing

In February 2021, the jury found Ware guilty as charged on all counts and found the firearm allegations true.

At the sentencing hearing the following month, the trial court stated that there were "so many factors in aggravation" in this case and no mitigating factors that "outweigh" the aggravating factors.  The aggravating factors the trial court noted included "the nature of the offense, the planning, sophistication, following people, waiting for them, you know, the vulnerability of the victims, victims that can't really fight back."  The trial court further found that Ware's past performance on probation was "unsatisfactory," noting that he was on probation "for a broken down robbery where [he] punched some man" and that he "had some misdemeanor conduct" and "some DV stuff as a probation violation."  The trial court concluded that Ware did not "learn [his] lesson" and made "mistake after mistake," and thus it was "not just going to give [him] a slap on the wrist."

For those reasons, the trial court sentenced Ware to the upper term of five years on the first count of second degree robbery and to the upper term of 10 years for the firearm enhancement for that count.  As required by section 1170.1, subdivision (a), the court imposed one-third of the midterm for counts two, three, and four, for a total of two years four months for those counts, to be served consecutively with the 15-year term for count one.  The court stayed the sentences on the rest of the counts pursuant to section 654.

## DISCUSSION

Ware argues that he is entitled to resentencing because Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill No. 567) recently amended

3

section 1170, subdivision (b), to limit the trial court's discretion to impose an upper term of imprisonment for a defendant's felony conviction. (Stats. 2021, ch. 731, § 1.3)

At the time of Ware's sentencing, section 1170, subdivision (b) provided that, "[w]hen a judgment of imprisonment [was] to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term . . . rest[ed] within the sound discretion of the court." (Former § 1170, subd. (b).) Accordingly, the trial court exercised its discretion by imposing the upper term sentence based on Ware's criminal history and its finding of several aggravating factors.

However, effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b), to prohibit a trial court from imposing a sentence exceeding the middle term unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term" *and* the facts underlying those circumstances have either been stipulated to by the defendant or been "found true beyond a reasonable doubt" by the jury or judge at trial. (§ 1170, subd. (b)(2).)

In a supplemental brief, Ware further contends that a remand for resentencing is warranted because Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Assembly Bill No. 124) amended section 1170, subdivision (b)(6), to require trial courts to impose the lower term sentence where a defendant's "youth" contributed to his or her commission of the offense. (Stats. 2021, ch. 695, § 5.) "Youth" is defined as a person under 26 years old on the date the offense was committed. (§§ 1016.7, 1170, subd. (b)(6).) The sentencing court only overcomes this presumption where it finds that the aggravating circumstances "outweighs" the mitigating circumstances such that

4

"imposition of the lower term would be contrary to the interests of justice."
(§ 1170, subd. (b)(6).)

We agree with the parties' conclusion that those amendments apply retroactively to this case because judgment was not final at the time the amendments became effective on January 1, 2022. (*In re Estrada* (1965) 63 Cal.2d 740, 744–745 [absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when the statute takes effect]; see also *People v. Valenzuela* (2018) 23 Cal.App.5th 82, 87–88 [amendments granting court the discretion to strike formerly mandatory firearm enhancements apply retroactively to non-final cases].)

The Attorney General argues, however, that remand for resentencing is not required. According to him, remand is unnecessary because the trial court, in imposing the upper term sentences, relied on two prior felony convictions to which Ware stipulated. The Attorney General also points out that the trial court properly relied on the probation report for the fact that Ware's performance on probation was "unsatisfactory." (See *People v. Towne* (2008) 44 Cal.4th 63, 81–82.)

Remand for resentencing is required in this case "unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) This is because defendants are " 'entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*Ibid.*) A court that is not aware of the scope of its discretionary powers cannot exercise that "informed discretion" any more than a court whose sentence may have been based on misinformation regarding a material aspect of the defendant's record. (*Ibid.*)

5

Here, the record does not clearly indicate that the trial court would have imposed the upper term sentences despite the amendments to section 1170, subdivision (b).  Although the trial court discussed Ware's criminal history and his probation performance, it also mentioned several other aggravating circumstances, noting that there are "so many" factors in aggravation related to his more recent crimes.  The record does not indicate that Ware stipulated to the facts underlying those aggravating circumstances or that the jury or judge at trial found those facts true beyond a reasonable doubt.  The trial court stated it was selecting the upper term "for the reasons . . . stated" and did not expressly exclude any of the improper aggravating circumstances.  We cannot discern from this record whether the trial court would have found a departure from the presumptive middle term to be justified based solely on Ware's criminal history.

Moreover, the record indicates that Ware was a youth, under the age of 26 years old, when he committed the instant crimes.  The trial court appears to have not considered this fact in making its sentencing decisions, and thus Ware's upper term sentences should be vacated on this basis alone.  (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

The cases the Attorney General cites as support for his argument are distinguishable.  *Cunningham v. California* (2007) 549 U.S. 270 held that a prior version of section 1170, subdivision (b), violated a defendant's right to a jury trial under the Sixth Amendment to the federal Constitution by assigning to the trial judge, rather than the jury, the authority to make the factual findings that expose a defendant to a greater potential sentence than the "statutory maximum."  (*Id.* at pp. 277, 281, 293.)  Former section 1170 provided that the trial court is to impose the middle term, "unless there are circumstances in aggravation or mitigation of the crime."  (*Id.* at p. 277.)  The

6

court concluded that under that version of section 1170, the middle term was the relevant "statutory maximum" since it was based solely on the facts reflected in the jury verdict or admitted by the defendant. (*Id.* at pp. 283, 293.)

After *Cunningham* was decided, our high court in *People v. Black* (2007) 41 Cal.4th 799 held that the presence of one aggravating circumstance renders it constitutional under the Sixth Amendment for the trial court to impose an upper term sentence under former section 1170, subdivision (b). (*Id.* at p. 815.) The court reasoned that under former section 1170, subdivision (b), a single aggravating circumstance established in accordance with the constitutional jury requirements is legally sufficient to make the defendant eligible for the upper term, and thus additional improper aggravating circumstances do not expose the defendant to a greater potential sentence. (*Id.* at pp. 813, 815.)

The issue in the present case is not the same as the defendant's Sixth Amendment challenge in *Black*. In that case, the trial court properly exercised its discretion in determining the sentence, and the question was whether the facts underlying its decision met the constitutional jury requirements set forth in *Cunningham*. Senate Bill No. 567 has changed the scope of the trial court's discretion by *requiring* the aggravating circumstances the trial court relies on to be stipulated to or found true by a jury or judge trial, and Senate Bill No. 567 and Assembly Bill No. 124 also change the framework within which the trial court exercises its discretion by specifying a presumptive sentence. Thus, *Gutierrez* applies, and remand for resentencing is required based on the record before us. We express no opinion as to how the trial court should exercise its discretion on remand.

7

## DISPOSITION

This matter is remanded for resentencing under Senate Bill No. 567 and Assembly Bill No. 124.  In all other respects, the judgment is affirmed.


NADLER, J.*

WE CONCUR:

POLLAK, P. J.
STREETER, J.

---

* Judge of the Sonoma County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.